UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERICK ROSEN ALLEN, #470886,

       Plaintiff,

                              CASE NO. 23-CV-12594
v.                          HON. GEORGE CARAM STEEH

LONG, FOEHR, and VANBURSKI,

       Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

      Michigan prisoner Erick Rosen Allen ("plaintiff"), currently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, filed a pro se civil rights complaint in the United States District Court for the Western District of Michigan concerning events that occurred while he was confined at the St. Louis Correctional Facility ("SLF") in St. Louis, Michigan in 2023. He named the Michigan Department of Corrections ("MDOC") and St. Louis Corrections Officers Long, Foehr, and Vanburski as defendants. ECF No. 1. The Western District dismissed the MDOC from the action and transferred the case to this Court for further proceedings. ECF No. 3.

-1-

The Court has granted the plaintiff leave to proceed without prepayment of the filing fee for this action.  ECF No. 8.

In his complaint, the plaintiff alleges that on June 10, 2023, he was sent to segregation at SLF after being issued a misconduct for threatening behavior, that defendants Long, Foehr, and Vanburski took three hours to pack his property, and that his brand-new television "came up missing." ECF No. 1, PageID.3.  The plaintiff also alleges that did not receive his vegan diet while at SLF and is still not receiving it.  Id.  The plaintiff states that he is currently a Level V prisoner with "shower and razor restriction[s], and that he is "unable to use the phone and [is] on loss of privileges until June."  Id.  The plaintiff indicates that he would like to file a suit under the Americans with Disabilities Act (ADA) "due to the fact that for every grievance and [property] form [he] file[s] all [that he] seem[s] to receive back is retaliation and more misconducts for bogus tickets."  Id.  The plaintiff sues defendants Long, Foehr, and Vanburski in their official capacities, id. at PageID.2, seeking monetary damages.  Id. at PageID.4.

Having reviewed the matter and for the reasons stated herein, the Court summarily dismisses the complaint pursuant to 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and based upon immunity.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well

as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does require not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. Twombly, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-556 (citations and footnote omitted).

      The plaintiff's complaint is subject to dismissal. First, as to any claims brought pursuant to the ADA, the plaintiff fails to state a claim upon

which relief may be granted. Title II of the ADA applies to state prisons and inmates. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 210-212 (1998). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In the ADA, the term "disability" is defined as: "[1] a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [2] a record of such an impairment; or [3] being regarded as having such an impairment." 42 U.S.C. § 12102(2).

As discussed by the Western District with respect to the ADA claims against the MDOC, see ECF No. 3, the plaintiff fails to allege any facts suggesting that he has a disability as defined by the ADA. See 42 U.S.C. § 12102(2). Moreover, the plaintiff fails to allege any facts which show that he was excluded from a service or program, denied accommodation, or discriminated against due to any disability. Conclusory allegations are insufficient to state a civil rights claim. See, e.g., Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555-557; Crawford El v. Britton, 523 U.S. 574, 588 (1998); Moldowan v. City of Warren, 578 F.3d 351, 390-391 (6th Cir. 2009).

The plaintiff's ADA claims against defendants Long, Foehr, and Vanburski must therefore be dismissed.

Second, to the extent that the plaintiff may seek to bring suit pursuant to 42 U.S.C. § 1983, the complaint must be dismissed based upon sovereign immunity.  The plaintiff sues defendants Long, Foehr, and Vanburski, who are all MDOC employees, in their official capacities and seeks monetary damages as relief.  The Eleventh Amendment, however, bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989).  Eleventh Amendment immunity applies to state employees, such as the defendants, who are sued in their official capacities.  See Colvin v. Caruso, 605 F.3d 282, 289 (6th Cir. 2010) (citing Cady v. Arenac Co., 574 F.3d 334, 344 (6th Cir. 2009)).

"The State of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," Johnson v. Unknown Dellatifa, 357 F.3d 539, 545 (6th Cir. 2004) (citing Abick v. Michigan, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983.  Chaz Const., LLC v. Codell, 137 F. App'x 735,

743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies," McCormick v. Miami Univ., 693 F.3d 654, 661 (6th Cir. 2012) (quoting Thiokol Corp. v. Department of Treasury, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief. McCormick, 693 F.3d at 662 (citing McKey v. Thompson, 226 F.3d 752, 757 (6th Cir. 2000). Because defendants Long, Foehr, and Vanburski are MDOC employees who are sued in their official capacities for monetary damages, they are entitled to Eleventh Amendment immunity. The plaintiff's claims for monetary damages against defendants Long, Foehr, and Vanburski in their official capacities must be dismissed.

For the reasons stated, the Court concludes that the plaintiff fails to state a claim upon which relief may be granted under the ADA as to defendants Long, Foehr, and Vanburski. The Court also concludes that those defendants, who are MDOC employees and who are sued in their official capacities, are entitled to Eleventh Amendment immunity on any claims for monetary damages under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES WITH PREJUDICE** the complaint.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

                              s/George Caram Steeh
                              HON. GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

Dated:   January 17, 2024

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 17, 2024, by electronic and/or ordinary mail and also on Erick Rosen Allen #470886, Baraga (MSP), Baraga Maximum Correctional Facility, 13924 Wadaga Rd., Baraga, MI 49908-9204.

s/LaShawn Saulsberry
Deputy Clerk